NATHANIEL VINAL *vs.* INHABITANTS O DORCHESTER.

A town is not liable for injuries done to a traveller on the highway, by a locomotive engine run by a railroad corporation on their track illegally laid across the highway.

ACTION OF TORT to recover damages for injuries from a defect in a highway in Dorchester. At the trial before *Thomas,* J., the plaintiff, to support his action, relied upon these facts :

While the plaintiff was passing over said highway in a chaise, in June 1855, exercising due care and caution, at a point where the Boston and New York Central Railroad Company had constructed their track across the highway and on a level therewith, without legal authority, and against the order and direction of the county commissioners, his chaise was struck by the locomotive of said railroad company, drawing a train of cars upon said crossing, and he was thrown out and severely injured. Said order of the county commissioners was passed at a meeting holden in October 1854, at the request of the railroad company, and upon their petition for leave to lay their track across said highway and on a level therewith, at which meeting the defendants appeared by their selectmen, and opposed the granting of the petition, on the ground that the passing of locomotive engines and cars over the railroad, if so constructed, would be dangerous to the public. Upon the rails so laid, cars and engines drawn by steam passed across said highway, and rendered it unsafe for travellers. At the time of the accident, the fact that this railroad was so laid was, and for a long time had been well known to the defendants ; and there was neither gate, sign, nor other indication to travellers that a railroad was built there ; and no flagman was then present, or had been for some months previous. In December 1854 the town, at a meeting holden to know if the town would take any action for the safety of the public at this crossing, voted to do nothing. In July 1855 the defendants' selectmen obtained an injunction from this court, forbidding said railroad company to run cars over said highway, on the ground that it was dangerous to public travel.

The judge was of opinion that upon these facts the action could not be maintained, and ordered a nonsuit, subject to the opinion of the full court.

*W. Brigham*, for the plaintiff. Towns are bound to keep their roads in such condition as to be safe for travellers; and not only to keep the roadbed itself in good order, but to protect the road with sufficient railing to prevent its being rendered unsafe by the continuance therein of illegal structures. Rev. Sts. c. 25, §§ 1, 3, 22, 24. *Drake* v. *Lowell*, 13 Met. 292. *Snow* v. *Adams*, 1 Cush. 443. *Bigelow* v. *Weston*, 3 Pick. 267. *Frost* v. *Portland*, 2 Fairf. 271. *French* v. *Brunswick*, 21 Maine, 29. The railroad track was illegal, a nuisance, and should have been removed. St. 1846, c. 271. *Commonwealth* v. *King*, 13 Met. 115. The railroad track, and the engines and cars, for the use of which it was built, are parts of the same machinery, and together constituted an obstruction to the public travel, which the town was authorized and bound to remove. St. 1855, c. 350, § 5. Rev. Sts. c. 25, § 27.

*A. Churchill*, for the defendants.

SHAW, C. J. It is very well settled that towns are liable for injuries to travellers upon the highway by statute only. They are bound by statute to keep their roads safe and convenient for travel, free from defect. This is the extent of their liability. Railroads are a new species of public highway, authorized and regulated by statute. The legislature have authorized and constituted corporations, with capitals, to construct them and regulate the use of them, and have imposed such duties and obligations as, in their opinion, the public safety requires. Towns, in their corporate capacity, can neither enlarge nor diminish the powers and privileges, or the duties and responsibilities of rail·road corporations. It is true that, in certain cases, town officers are invested with special powers, to direct and assent to the modes of crossing public highways by railroads; but in exercising these powers, town officers, thus designated, do not act under the authority of towns, nor as their agents; nor could such town officers be restrained or governed by the vote of the town, in the exercise of these statute powers.

It is found that the crossing of the railroad track over this public road did not injure the road, or render it unsafe or inconvenient. It occasioned no actual and material obstruction or impediment, the removal of which would have rendered the highway more safe. The question is, whether the town is liable for the damage occasioned by the running of the cars, which its selectmen knew the road was prepared for the running of. And we concur with the judge who presided at the trial, that the town is not liable for this; although undoubtedly, if the cars were so run by the company, without the precautions required by law, it was a nuisance. The case of *Currier* v. *Lowell*, 16 Pick. 170, carries the liability of towns to its extreme limit in this respect. *Judgment for the defendants.*